ed an award of over five times Overholt's lost agency commissions for 1989.

Further, the damages award affirmed by the majority gives Overholt the benefit of projected profits for thirty years on this sales territory without even replacing the salesman, Travis, or without exerting any future sales effort whatsoever. In addition, the majority also imposes a two-year injunction on Travis, Salzsiedler, Nielsen and IGF, delivering, so to speak, a triple whammy to the defendants. While the majority holds that the injunction protects Overholt against the loss of additional customers during the two-year restrictive covenant period, the liquidated damages award already compensates Overholt for this potential loss. Any future sales effort by Overholt, without competition from IGF, one of the major players in this phase of the insurance business, will result in unearned profits for Overholt coupled with punitive sanctions against the defendants.

Accordingly, I would vacate the district court's injunction and its award of compensatory damages. Overholt is entitled to $881,182 in liquidated damages as well as attorney's fees, but no more.

**STEVEDORING SERVICES OF AMER-ICA, a Washington corporation, Plaintiff–Appellant,**

**v.**

**ANCORA TRANSPORT, N.V.; Armilla International, N.V.; Armilla International (London), Ltd., and Armilla International (London), Ltd., foreign corporations, each d.b.a. itself or one of the above-named defendants, Defendants–Appellees.**

Nos. 87–4129, 87–4195.

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1991.

Before FERGUSON, BRUNETTI and O'SCANNLAIN, Circuit Judges.

**ORDER**

The opinion filed September 7, 1989 is withdrawn.

**STEVEDORING SERVICES OF AMER-ICA, a Washington corporation, Plaintiff–Appellant,**

**v.**

**ANCORA TRANSPORT, N.V., Armilla International, N.V.; Armilla International (London), Ltd., and Armilla International (London), Ltd., foreign corporations, each d.b.a. itself or one of the above-named defendants, Defendants–Appellees.**

Nos. 87–4129, 87–4195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 29, 1989.

Decided Sept. 7, 1989.

Opinion Withdrawn Aug. 7, 1991.

Decided Aug. 13, 1991.

